# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-12-00779-CV

---

**E. L. M., Jr., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT
NO. C-11-0032-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

E.L.M., Jr. appeals the termination of his parental rights to N.L.B.[1] He contends that the evidence was legally insufficient to find that he constructively abandoned the child, that he failed to comply with the services order, and that he knowingly engaged in criminal conduct that led to his conviction, imprisonment, and inability to care for the child for not less than two years from the date of filing of the original petition. We will affirm the termination of E.L.M.'s parental rights.

## BACKGROUND

The child at issue, N.L.B., was born in 2007 to appellant's by-then former girlfriend. Appellant did not believe he was the father until well after that. The child's mother gave the child at birth to a family friend who has kept the child since then and intends to adopt him. Appellant has

---

[1] The child's mother voluntarily relinquished her parental rights and does not challenge the termination of those rights.

never seen the child and spoke on the phone to him once in 2008. Appellant was arrested, convicted, and incarcerated for two aggravated battery offenses committed in 2009 and 2010. His concurrent prison terms for those offenses will expire in 2015, but he was eligible for release as early as December 2012.

## DISCUSSION

To terminate parental rights, a trial court must find by clear and convincing evidence that a parent has committed one of several statutorily specified acts or omissions and that termination is in the child's best interest. Tex. Fam. Code § 161.001. Because appellant does not challenge the finding that termination is in the child's best interest, we must affirm if the evidence supports any of the three grounds that the trial court found supported termination. *See* Tex. Fam. Code § 161.001(1)(N),(O),(Q); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003) (only one statutory ground required to support termination).

We review the legal sufficiency of the evidence by considering all of the evidence in the light most favorable to the factfinder's determination, and will uphold a finding if a reasonable factfinder could have formed a firm conviction that its finding was true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). To give appropriate deference to the factfinder's conclusions, we must assume that the jury resolved disputed facts in favor of its finding if it could reasonably have done so. *Id.*

One of the three grounds for termination requires finding that the parent "knowingly engaged in criminal conduct that has resulted in the parent's: (i) conviction of an offense; and (ii) confinement or imprisonment and inability to care for the child for not less than two years from

the date of filing the petition." Tex. Fam. Code § 161.001(1)(Q). This suit was filed May 6, 2011. The trial was held November 2, 2012. Appellant participated via telephone as he was incarcerated in the segregation unit of a super-maximum security prison.

There is no real dispute of the trial court's finding that appellant had been convicted of knowingly engaging in criminal conduct and imprisoned. Appellant testified that he was sentenced to forty months in prison for aggravated battery with intentional great bodily harm, and a concurrent sentence for a separate offense of aggravated battery with reckless bodily harm.

Despite appellant's contention that he might be released from prison as early as December 2012, legally sufficient evidence supports the trial court's finding that appellant would be unable to care for the child personally for two years from the petition—May 6, 2013. The Texas Supreme Court held that, although evidence of the availability of parole was relevant to projecting when a parent could be released from prison, it was not dispositive of a release date because the parole board retained discretion. *In re H.R.M.*, 209 S.W.3d 105, 108-09 (Tex. 2006). Appellant's contention that he could be released more than two years early was undermined by his troubles in prison. He testified that he might be released in December 2012 if there were no problems, but his full sentence would expire in 2015.[2] Appellant had been in prison for a year and a half, and testified that he had been in segregation based on his behavior for over a year of that time. He took several classes aimed at improving his decision-making abilities, but was given disciplinary write-ups in the days after those classes—including three on October 11, 2012 for threatening or intimidating, disobeying orders, and possessing dangerous contraband. This evidence strongly

---

[2] The record has not been supplemented by any word of appellant's release from prison. The two-year deadline has passed.

supports the trial court's conclusion that appellant would be in prison for at least two years beyond the filing date of the petition in this case.

Appellant also did not demonstrate an ability to provide adequate care for the child. At the time of trial, he had never seen the child and his sole phone contact with the child occurred in 2008. He conceded that his post-release plan "isn't looking too good." He would not live with his family but planned instead to live in a homeless shelter. He did not graduate from high school, did not have a GED, and did not hold professional licenses to support his plan to work as a handyman. While none of these factors necessarily prevents a parent from providing adequate care for a child, taken collectively and not balanced by competing favorable evidence, these factors provide legally sufficient evidence to support the trial court's decision.

The evidence is also legally sufficient to support the trial court's finding that appellant would be unable to care for the child through other means during his imprisonment, such as providing financial and emotional support or a surrogate caregiver. The fact that a surrogate cares for the child in the parent's absence is not evidence that the parent can provide the necessary care unless the caregiver is supplying the care *on behalf of*—not just in place of—the incarcerated parent. *H.R.M.*, 209 S.W.3d at 110. Appellant had not supported the child since his birth, had never met the child, had spoken to him once on the phone, and there was disputed evidence regarding whether he had sent written correspondence. Appellant's recommendation that his father take care of the child was rejected by the Department because of appellant's father's wife's history with the Department. No other relatives of appellant sought to care for the child on his behalf. Legally sufficient evidence supports the trial court's finding that appellant was unable to provide care for the child through at least May 2013.

4

## CONCLUSION

We conclude that legally sufficient evidence supports the finding that termination is justified under section 161.001(1)(Q). That decision, combined with the unchallenged finding that termination is in the child's best interest, compels us to affirm the judgment. We need not address appellant's challenges to the remaining grounds for termination. *See A.V.*, 113 S.W.3d at 362; *see also* Tex. R. App. P. 47.1. We affirm the decree terminating his parental rights to N.L.B.

_____

Jeff Rose, Justice

Before Justices Puryear, Pemberton, and Rose

Affirmed

Filed: May 14, 2013